UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LAURENCE KING, | Case No. 2:19-cv-00858-AA |
|     Plaintiff, | OPINION AND ORDER |
|     v. | |
| MS. Y. RANGEL; MS. T. HEATH; MR. G. MAXEY; MS. SUE WASHBURN, | |
|     Defendants. | |

AIKEN, District Judge:

    Plaintiff, an inmate at Eastern Oregon Correctional Institution (EOCI) filed suit under 42 U.S.C. § 1983 and alleged that EOCI correctional officials violated his First Amendment rights by opening his legal mail outside of his presence and interfering with his attempts to file a grievance. Defendants move for dismissal on grounds that plaintiff's allegations do not establish that his mail or his right to a grievance process are entitled to constitutional protection. For the following reasons, defendants' motion is granted, and plaintiff is allowed the opportunity to amend his allegations.

1    - OPINION AND ORDER

DISCUSSION

On a motion to dismiss, a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In a pro se case, dismissal of a complaint "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must construe the pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff alleges that defendants violated his First Amendment rights when an EOCI mailroom employee, Yesenia Rangel, opened a letter from ACLU Oregon outside of his presence. Comp. at 5 & Ex. 1 (ECF No. 1). When plaintiff filed a grievance about his opened mail, his grievance was denied on grounds that "ACLU mail does not qualify as Legal Mail." *Id.* at 12. Plaintiff alleges that the grievance process was inadequate and also caused a violation of his rights.

Defendants move for dismissal of any claims against Heath, Maxey, and Superintendent Washburn. Although plaintiff names these individuals as defendants, he does not allege that they opened his mail or interfered with his grievances. Liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no personal participation by Heath, Maxey, or Superintendent Washburn in the alleged deprivation of his rights, and his claims against them are dismissed.

Defendants next argue that plaintiff's rights were not violated when his mail was opened, because the return address did not indicate that the ACLU letter was from an attorney and plaintiff does not allege that the ACLU was acting as his attorney.

"[P]risoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017). However, "legal mail" entitled to constitutional protection is limited to correspondence between a prisoner and his or her attorney, in recognition of the attorney-client privilege. *Id.*; *Nordstrom v. Ryan*, 762 F.3d 903, 909-11 (9th Cir. 2014). Plaintiff has specifically alleged that his mail was marked "Legal Mail," and the letter attached to plaintiff's submissions is marked "Legal Mail" on the front and back of the envelope. However, plaintiff does not allege that an ACLU attorney was representing him in a pending or contemplated legal matter. Thus, plaintiff's Complaint, as currently pled, does not establish a violation of his First Amendment rights.

At this stage of the litigation, I cannot find that amendment would be futile. Accordingly, plaintiff is granted the opportunity to amend his Complaint and indicate whether the ACLU was acting as his attorney in an anticipated or pending legal matter.[1]

Defendants also move to dismiss plaintiff's claim alleging an inadequate grievance process. Defendants are correct that prisoners do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). No

---

[1] Defendants also maintain that Rangel is entitled to qualified immunity because the return address on the letter simply stated "ACLU Oregon" and did not indicate the letter was from an attorney. *See White v. Pauly,* 137 S. Ct. 548, 551 (2017) (per curiam) ("Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); Or. Admin. R. 291-131-0010(15) (defining "Legal Mail" as "Incoming or outgoing mail to or from an attorney, court, or court official which is clearly worded 'legal mail' on the addressee side of the envelope"). While defendants' argument has merit, I am not inclined to rule on the issue of qualified immunity before plaintiff has the opportunity to amend his Complaint.

3    - OPINION AND ORDER

amendment can cure this deficiency, and plaintiff's claim alleging an inadequate grievance process is dismissed without leave to amend.

## CONCLUSION

Plaintiff's allegations fail to state viable claims under the First Amendment, and defendants' Motion to Dismiss (ECF No. 10) is GRANTED. Plaintiff's Motions for Default and Sanctions (ECF No. 13, 17) are DENIED. Within thirty days from receipt of this Order, plaintiff may file an amended complaint curing the deficiencies with respect to his legal mail claim asserted against defendant Rangel. Plaintiff is advised that failure to file an amended complaint will result in dismissal of this action with prejudice.

DATED this 16th day of June, 2020.

          /s/Ann Aiken
Ann Aiken
United States District Judge