UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| LAURENCE KING, | Case No. 2:19-cv-00858-AA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MS. Y. RANGEL; MS. T. HEATH; MR. G. MAXEY; MS. SUE WASHBURN, | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff, an inmate at Eastern Oregon Correctional Institution (EOCI) filed suit under 42 U.S.C. § 1983 and alleged that EOCI officials violated his First Amendment rights by opening legal mail outside of his presence and interfering with his attempts to file a grievance. Defendants moved for dismissal, and I granted the motion and allowed plaintiff the opportunity to amend with respect to his claim involving legal mail. Plaintiff now moves to amend his allegations. Plaintiff's Amended Complaint does not cure the deficiencies in his claim, and the motion is denied.

1   - OPINION AND ORDER

## DISCUSSION

Plaintiff alleges that an EOCI mailroom employee violated his First Amendment rights when she opened a letter from ACLU Oregon outside of his presence. Proposed Am. Comp. at 2 (ECF No. 24-1). When plaintiff filed a grievance about his opened mail, his grievance was denied on grounds that "ACLU mail does not qualify as Legal Mail." Compl. (ECF No. 1 at 16).

"[P]risoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017). However, "legal mail" entitled to constitutional protection is limited to correspondence between a prisoner and his or her attorney, in recognition of the attorney-client privilege. *Id.*; *Nordstrom v. Ryan*, 762 F.3d 903, 909-11 (9th Cir. 2014). Plaintiff has alleged that his mail was marked "Legal Mail," and the letter attached to plaintiff's submissions is marked "Legal Mail" on the front and back of the envelope. Compl. Ex. 1. However, as I noted in my previous ruling, plaintiff did not allege that an ACLU attorney was representing him in a pending or contemplated legal matter to implicate the confidentiality concerns protected by the First and Sixth Amendments.

Plaintiff's Amended Complaint does not cure this deficiency. Instead, plaintiff simply alleges that the opening of a letter marked "Legal Mail" violates Oregon regulations governing prison mail. However, a violation of a prison regulation does not state a claim for a constitutional violation under § 1983. Unless the ACLU was representing plaintiff or providing legal advice, the letter from the ACLU is not entitled to First Amendment protection. This is not to say that correspondence from the ACLU can never be entitled to constitutional protection, as the response to plaintiff's grievance would suggest. Rather, in this case, plaintiff does not allege that the ACLU was acting in a capacity that rendered their communications confidential and constitutionally protected.

2   - OPINION AND ORDER

Plaintiff has been given the opportunity to amend his allegations, and it is clear further amendment would be futile.

## CONCLUSION

Plaintiff's Motion to Amend (ECF No. 24) is DENIED and this action is DISMISSED. IT IS SO ORDERED.

DATED this  1st  day of October, 2020.

                                           /s/Ann Aiken
                                                Ann Aiken
                                       United States District Judge